United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ BERMUDEZ,<br>Petitioner,<br>v.<br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-05188-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

This matter is before the Court on Petitioner Gabriel Martinez Bermudez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, in which he argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without the opportunity for release on bond violates his Fifth Amendment right to due process, the Fourth Amendment, and the Administrative Procedures Act ("APA"). *See* ECF No. 1. Respondents oppose relief, arguing that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A). ECF No. 10 at 2. For the reasons set forth below, the Court grants the petition in part, and orders the Government to hold a substantive bond hearing regarding Petitioner's detention within fourteen days.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States at an unknown date and time without being inspected by immigration authorities. However, at some point, Petitioner was granted "Deferred Action Status" ("DACA"). ECF No. 10-1 at 3. Neither party has indicated whether Petitioner's DACA status has expired. Petitioner filed an application for a U-Visa with USCIS in 2022, and it appears that application remains pending. *Id.*; ECF No. 1 at 15.

United States District Court
Eastern District of California

On January 5, 2025, Petitioner was arrested for committing "lewd or lascivious acts with a child under 14[.]" ECF No. 10-2 at 9. Following this arrest, on November 18, 2025, he pled guilty to one misdemeanor count of sexual battery. *Id*. at 10. After learning of this conviction as well as Petitioner's address, ICE arrested Petitioner outside his home on May 5, 2026, pursuant to an administrative warrant. ECF No. 10-1 at 2, 5. Petitioner was served with a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States who has not been admitted or paroled," and placing him in removal proceedings, that same day. *Id*. at 6. The instant petition, seeking either release from custody or a bond hearing, followed.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a) and that failure to provide such a hearing violates his right to due process. *See* ECF No. 11 at 7–10. Respondents oppose relief, arguing that Petitioner is subject to mandatory detention under § 1226(c)(1)(A) because of his conviction for sexual battery. ECF No. 10 at 2. For the reasons that follow, the Court finds that Respondents are incorrect, and that due process entitles Petitioner to a custody hearing.

**A. Detention Authority**

Section 1226(c)(1)(A) states the "Attorney General *shall* take into custody any [noncitizen] who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A) (emphasis added). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Though Petitioner was convicted of a misdemeanor for sexual battery, Respondents have not demonstrated that Petitioner was detained pursuant to § 1226(c)(1)(A). "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). As such, "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where [DHS] [ ] has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026); *see also Miao v. Chestnut,* No. 1:26-CV-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026). In other words, where the Notice to Appear placing the non-citizen in removal proceedings "failed to charge or notify a detainee of an offense covered by § 1182(a)(2)" as a reason for inadmissibility, "§ 1226(c)(1)(A) does not govern their detention." *S.G.*, 2026 WL 2475525, at *2.

Here, Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. *See* ECF No. 10-1 at 6. The Notice to Appear submitted by Respondents does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference his criminal record. As such, Respondents have failed to show that § 1226(c)(1)(A) controls Petitioner's detention. Accordingly, the Court agrees with Petitioner that his detention is controlled by § 1226(a) which applies to "aliens present without admission who are apprehended in the interior of the United States[,]" and allows for discretionary release on bond. *Rodriguez Vazquez v. Bostock*, 183 F.4th

1160, 1165 (9th Cir. 2026).

**B. Due Process**

As Respondents have failed to identify any statutory authority mandating Petitioner's detention, the Court next turns to his due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner has a liberty interest in his continued freedom given his prior grant of DACA status by the Government. Indeed, this Court and many others have found that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release." *Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (finding prior DACA recipient had obtained liberty interest in her continued freedom); *see also Boso v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01790-KES-SAB-HC, 2026 WL 1174643, at *3 (E.D. Cal. Apr. 30, 2026), *report and recommendation adopted*, No. 1:26-CV-01790-KES-SAB (HC), 2026 WL 1389432 (E.D. Cal. May 18, 2026) (petitioner with DACA status maintained a liberty interest in his continued release even though USCIS had served petitioner with an intent to terminate his DACA status).

Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976) to determine the procedures necessary to protect this interest, the Court finds that Petitioner is entitled to a constitutionally adequate post-deprivation bond hearing. Petitioner has a substantial private interest in maintaining his out-of-custody status, and the risk of erroneous deprivation here is considerable given Respondents refusal to provide Petitioner with a hearing. Further, Respondents' interest in detention is low relative to the minimal cost of providing Petitioner with a constitutionally adequate hearing. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was

United States District Court
Eastern District of California

arrested for aggravated battery because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order). Accordingly, Petitioner is entitled to a hearing at which an Immigration Judge must determine whether his continued detention is necessary in light of his criminal history and other factors.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED in part. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Noël Wise
United States District Judge